ROGER MORRIS REALTIES, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 63313.  Promulgated March 11, 1933.

*Arthur B. Sinclair, C. P. A.*, for the petitioner.
*J. M. Leinenkugel, Esq.*, for the respondent.

OPINION.

BLACK. In this proceeding the petitioner seeks a redetermination of its tax liability for the year 1929, for which year the respondent has determined a deficiency of $674.64.

The petitioner is a corporation, organized under the laws of the State of New York, with its principal office at 369 East 167th Street, New York, New York. A. J. Schwarzler was president of the petitioner and another corporation, known as the A. J. Schwarzler Company. Schwarzler was the sole stockholder, save for one share in each corporation issued to his brother to qualify him as an officer of ten corporations, of which petitioner was one, through which he conducted his business operations. The stock of these corporations held by him was in excess of 95 per cent of the outstanding stock of each corporation.

The deficiency in this case arises from the respondent's denial of affiliation to the petitioner, whose income for the year 1929 was included in the consolidated return filed by A. J. Schwarzler Company. The respondent in the sixty-day letter stated: " Your company has been ruled not affiliated for the reason that it does not belong to an affiliated group as defined by Section 141 (d) of the Revenue Act of 1928." Section 141 (d) reads as follows:

SEC. 141. CONSOLIDATED RETURNS OF CORPORATIONS—1929 AND SUBSEQUENT TAXABLE YEARS.

\* \* \* \* \* \* \*

(d) Definition of " affiliated group."—As used in this section an " affiliated group " means one or more chains of corporations connected through stock ownership with a common parent corporation if—

(1) At least 95 per centum of the stock of each of the corporations (except the common parent corporation) is owned directly by one or more of the other corporations; and

(2) The common parent corporation owns directly at least 95 per centum of the stock of at least one of the other corporations.

As used in this subsection the term " stock " does not include nonvoting stock which is limited and preferred as to dividends.

The record establishes conclusively that A. J. Schwarzler individually owned at least 95 per cent of the stock of the petitioner and nine other corporations. This type of individual control was not sufficient for the year 1929 to authorize affiliation. Section 141 (d) of the Revenue Act of 1928, for the year 1929 and subsequent years, provides in effect that chains of corporations may be affiliated only when 95 per cent of the stock of the subsidiaries is owned by the parent corporation.

Petitioner in brief says: " These corporations have always operated as affiliated and it has been held so in the past by the Internal Revenue Department." No doubt that statement is true, but it should be noted that the law governing affiliation for prior years is entirely different from that prescribed in section 141 of the Revenue Act of 1928, which was to be effective for 1929 and subsequent years.

For example, the definition of affiliation for the taxable year 1928, provided in section 142 (c) of the Revenue Act of 1928, was as follows:

(c) *Definition of affiliation.*—For the purpose of this section two or more domestic corporations shall be deemed to be affiliated (1) if one corporation owns at least 95 per centum of the stock of the other or others, or (2) if at least 95 per centum of the stock of two or more corporations is owned by the same interests. As used in this subsection the term " stock " does not include nonvoting stock which is limited and preferred as to dividends.

The definition of affiliation prescribed in section 141 (d), to govern 1929 and subsequent years, left out entirely the phrase "or (2) if at least 95 per centum of the stock of two or more corporations is owned by the same interests." Of course it is manifest that if the latter phrase had been left in section 141 (d), to govern 1929 and subsequent years, petitioner would be affiliated with the A. J. Schwarzler Company, for the undisputed facts are that more than 95 per cent of the stock of each of said corporations was owned by A. J. Schwarzler as an individual and that would be ownership of at least 95 per centum of the stock of two corporations by the " same interests." But when Congress dropped out entirely from the definition of affiliation for 1929 and subsequent years " ownership by the same interest," an entirely different stuation obtains and we see no basis for holding under the evidence in this case that petitioner was affiliated in 1929 with the A. J. Schwarzler Company.

*Decision will be entered for the respondent.*